IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 1:15-cr-26 |
| | : |
| | : Judge Susan J. Dlott |
| v. | : |
| | : **ORDER DENYING SECOND MOTION** |
| AARON MURRAY, *et al.*, | : **FOR COMPASSIONATE RELEASE** |
| | : |
| Defendant. | : |
| | : |

This matter is before the Court on Defendant Aaron Murray's Second Motion for Compassionate Release and Supplement to his Motion (Doc. 190, 198). The Government opposes Murray's Motion. (196.) For the reasons that follow, Murray's Motion will be **DENIED**.

## I. BACKGROUND

### A. Murray's Offense and Conviction

The Court has previously set forth the procedural history of this case in its prior Order denying Murray's first Motion for Compassionate Release. (*See* Doc. 186.) Briefly stated, on June 3, 2015, Defendant Aaron Murray pled guilty to Counts 1–4 of the Bill of Information and waived indictment. (Doc. 22; Doc. 38.) Count 1 charged Murray with violating 18 U.S.C. § 1951 and 18 U.S.C. §2, interference with commerce by robbery and aiding and abetting the interference with commerce by robbery, which carried a term of imprisonment of up to twenty years, a fine of $250,000, and supervised release of up to three years. (Doc. 22 at PageID 60.) Count 2 charged Murray with violating 18 U.S.C. § 924(c)(1)(A)(ii), using, carrying, and brandishing a firearm during and in relation to a crime of violence, which carried a term of imprisonment of seven years to life to be served consecutive to any sentence on the other counts,

a fine of up to $250,000, and supervised release of up to five years. (*Id.*) Count 3 charged Murray with violating 18 U.S.C. § 2113(a) and (d), armed bank robbery, which carried a term of imprisonment of twenty-five years, a fine of up to $250,000 dollars, and supervised release of up to five years. (*Id.*) Count 4 charged Murray with violating 18 U.S.C. § 924(c)(1)(A)(ii) and 924(c)(1)(C)(i), using, carrying, and brandishing a firearm during and in relation to a crime of violence, which carried a term of imprisonment of twenty-five years to life to be served consecutive to any sentences on the other counts, a fine of up to $250,000, and supervised release of up to five years. (*Id.* at PageID 61.) Murray also was required to pay a mandatory special assessment on each count of conviction. (*Id.*)

On May 9, 2016, Murray was sentenced to 60 months of imprisonment on Count 2, 240 months of imprisonment on Count 4, to be served consecutively, and 1 day of imprisonment on Counts 1 and 3 to be served concurrently with all other counts. (Doc. 71.) Murray is currently incarcerated at FCI McKean and his projected release date is January 4, 2037. *See* Federal BOP, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last viewed May 8, 2025).

Most recently, Murray moved for compassionate release on January 30, 2025. (Doc. 190.) The Government responded in opposition. (Doc. 196.) After obtaining counsel, Murray's attorney filed a Supplement to his Motion on March 3, 2025. (Doc. 198.) For the reasons that follow, Murray's Motion will be **DENIED**.

## II.   STANDARD OF LAW

The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–749 (6th Cir. 2008). Murray seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—

2

>   (1) in any case—
>
>   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—
>
>   (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Assuming that the inmate has exhausted administrative remedies, the district court must (1) determine whether "extraordinary and compelling reasons" warrant a reduction, (2) ensure that the reduction is consistent with the applicable policy statements by the United States Sentencing Commission in U.S.S.G. § 1B1.13, and (3) weigh the relevant sentencing factors listed in 18 U.S.C. § 3553(a). *United States v. Bricker*, 135 F. 4th 427, 433 (6th Cir. April 22, 2025) (citing § 3582(c)(1)(A)(i)); *see also United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022).[1] "Congress did not define what constitutes an 'extraordinary and compelling reason,' except to state that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting 28 U.S.C. § 994(t)), *cert. denied*, 142 S. Ct. 2771 (2022)).

---

[1] The Sixth Circuit previously determined that the only United States Sentencing Commission policy statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—was inapplicable to cases filed by federal inmates. *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). Therefore, the district court had full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13. *Id.*; *United States v. Elias*, 984 F.3d 516, 519–520 (6th Cir. 2021). However, the United States Sentencing Commission amended U.S.S.G. § 1B1.13 effective November 1, 2023 and made clear that the policy statement applies to motions filed by inmates. U.S.S.G. § 1B1.13(a).

The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553. These factors implicitly allow the Court to consider the amount of time served when determining if a reduction in sentence is appropriate. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020). Also, district courts can consider the nonretroactive changes in law relevant to sentencing as part of its weighing of the § 3553(a) sentencing factors. *See Hunter*, 12 F.4th at 568–569. District courts are encouraged to be "explicit and particular with their factual reasoning" when they consider the § 3553(a) factors. *Jones*, 980 F.3d at 1113.

### III. ANALYSIS

#### A. No Extraordinary and Compelling Reason for Release

After Murray was sentenced, the First Step Act amended 18 U.S.C. § 924(c) to change what is defined as a prior conviction for purposes of applying a twenty-five-year mandatory minimum term of imprisonment as a penalty for conviction. First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221–22 (2018). But the change is not retroactive, so Murray asked the Court to consider this nonretroactive change in law as a basis to grant him compassionate release. He argues that if sentenced today, his sentence would be significantly shorter than the sentence he received, because he would not be subjected to "stacking" § 924(c) convictions. However, the Sixth Circuit held in *United States v. McCall*: "Nonretroactive legal developments do not factor into the extraordinary and compelling analysis. Full stop." 56 F.4th at 1066. So, on January 12, 2023, the Court denied Murray's first Motion for Compassionate

Release Court and held that the nonretroactive change in § 924(c) is not an extraordinary and compelling reason for Murray's compassionate release. (Doc. 186.)

Not too long after the *McCall* decision, the United States Sentencing Commission amended U.S.S.G. § 1B1.13 to include § 1B1.13(b)(6), which allows the Court to consider "unusually long sentences" and nonretroactive changes in the law in determining whether a defendant has established an extraordinary and compelling reason for compassionate release:

> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6), *invalidated by Bricker*, 135 F. 4th at 450. On January 30, 2025, Murray again moved for compassionate release. (Doc. 190.) Murray argues he is entitled to compassionate release based upon changes by the Sentencing Commission to U.S.S.G. § 1B1.13(6). His attorney argues "[t]his Court is not required to follow *McCall* in light of § 1B1.13(b)(6)." (Doc. 198 at PageID 1398.)

But on April 22, 2025, the Sixth Circuit Court of Appeals rejected Murray's argument and held that U.S.S.G. § 1B1.13(b)(6) is "invalid" and that "the Commission overstepped its authority" by issuing the policy statement, which is "plainly unreasonable under the statute and in conflict with the separation of powers." *Bricker*, 135 F. 4th at 430, 450. Because Murray's position is foreclosed by *Bricker*, his Second Motion for Compassionate Release (Doc. 190) will be **DENIED**.

5

### B. Sentencing Factors Do Not Support Release

Alternatively, even if Murray could demonstrate an extraordinary and compelling reason for release, and the law in this Circuit is clear he cannot, consideration of the § 3553(a) sentencing factors would not warrant his early release. Among the factors to be considered are the nature and characteristics of the offense; his criminal history; the need for the sentence imposed to reflect the seriousness of his conduct; the need to protect the public; the Guidelines range; and the need to avoid unwarranted sentencing disparities. The Court fully considered these factors at sentencing and in its Order denying Murray's first Motion for Compassionate Release. (Doc. 186.)

The Court also received Murray's sincere letter to the Court about his imprisonment and growth as an individual over the course of his incarceration. (Doc. 190-3.) The Court appreciates Murray's letter very much, although it does not change the Court's conclusion that the §3553(a) factors do not support his early release. Nonetheless, the Court commends Murray on his resilience and rehabilitation efforts and hopes he will be a productive, law-abiding member of society upon his release from prison.

### IV. CONCLUSION

For the reasons set forth within this Order, Murray's Second Motion for Compassionate Release (Doc. 190) is **DENIED**.

**IT IS SO ORDERED.**

*Susan J. Dlott*
Judge Susan J. Dlott
United States District Court